IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,    :

    Plaintiff,           :

  v.                           :    Case No. 2:02-cr-0052

Shanda Gains,                :    JUDGE GRAHAM

    Defendant.           :

### REPORT AND RECOMMENDATION

    The above defendant was charged with a violation of the terms and conditions of supervised release.  A final supervised release revocation hearing was held on February 1, 2006.  For the following reasons, it will be recommended that the defendant's supervised release be revoked, that a jail term of four months be imposed, and that she be continued on supervised release for a period of six months.

    The facts of this case are set forth in the reports filed by the defendant's Probation Officer and were not disputed at the hearing.  According to those reports, the defendant was sentenced on October 18, 2002 to a term of six months incarceration and 36 months of supervised release for distribution of cocaine and unauthorized acquisition of food stamps.  She apparently adjusted well to supervised release until June of last year.  On June 30, 2005, the Probation Officer conducted a random employment verification and discovered that defendant had been terminated from employment but had not notified her Probation Officer of that fact.  Over the next several months, the Probation Officer made many unsuccessful attempts to contact the defendant.  He finally met with her on September 1, 2005 and gave her a week to provide verification and financial information concerning how she

had been supporting herself since losing her job.  Rather than supply that information, the defendant claimed that she had been hospitalized and thereafter failed to provide verification of that statement.  She also changed her residence without notifying her Probation Officer and failed to make any contact with him, other than a telephone call, in the months prior to her arrest.  The Probation Officer visited her residence several times but she never responded to his knocks at the door.  The results of a drug test taken on September 1, 2005, the last time the defendant met with her Probation Officer, showed that she had been using marijuana.

     The defendant was arrested at her residence at 332 Brighton Boulevard in Zanesville, Ohio on January 13, 2006.  Firearms were found in the residence at the time of the arrest.  Based upon this information, an addendum was filed to the violation report indicating that the defendant had also been advised of the standard condition prohibiting her from possessing firearms.  According to the report, this new violation increased the applicable guideline range upon revocation from four to ten months to six to twelve months.  Additionally, revocation is mandatory under these circumstances.

     Although not disputing any of these facts, the defendant called two witnesses (including herself) at the hearing.  The first witness, the defendant's boyfriend, testified that the firearms belonged to him and that he had purchased them for hunting purposes.  He intended to store them at his father's home but simply had not gotten around to doing so by the date of the arrest, although they had been in the house for several weeks.  The defendant testified that she had been avoiding her Probation Officer because she had been using marijuana and did not want to test positive for drug use.  She also advised the Court that she is pregnant and asked for "one chance" to get her life together,

promising to refrain from drug use and unlawful conduct if she were given a short jail term and then continued on supervision.

First, with respect to the firearms, the Court notes that in order to support a conviction for possession of firearms by a convicted felon, either actual or constructive possession of a firearm is sufficient. "Constructive possession is established if a person has ownership, dominion, or actual control over the firearm itself or has dominion over the premises where the firearm is located." United States v. Urick, 431 F.3d 300, 303 (8th Cir. 2005). Here, the firearms were located in the residence over which the defendant had physical dominion. Consequently, it would appear that she was in constructive possession of the firearms and that she violated her supervised release not only through the other conduct described above, but through constructive possession of a firearm.

Given these various violations, the guideline range for revocation is six to twelve months. As mitigating factors, the Court notes that the defendant completed a substantial period of her supervised release before incurring these violations. However, the violations did occur over an extended period of time and included changing residence and employment without notifying her Probation Officer, avoiding the efforts of the Probation Officer to maintain contact with her, using drugs, and being in constructive possession of firearms. It is also worth noting that the Probation Officer gave the defendant multiple opportunities to address these issues outside the context of revocation proceedings, and that rather than being honest with her Probation Officer and attempting to address her drug problem, she chose to avoid him, ultimately resulting in the filing of a petition for revocation and the issuance of an arrest warrant. The possession of firearms is mitigated somewhat by the fact that the weapons in question were obviously hunting weapons and had

been purchased by her boyfriend for that use.  However, there is no evidence that the defendant made any effort to have the firearms removed from her residence even though both she and her boyfriend were well aware that it violated the conditions of her supervised release for her to be in actual or constructive possession of firearms.  Finally, the Court notes that she still owes a balance of $175.00 on her special assessment which has not been paid despite the fact that she has been employed while on supervised release.

    Weighing all of these factors and taking into account the guideline range for the types of violations which occurred, the Court is persuaded that a jail term is required both in order to punish this particular defendant for multiple intentional violations of supervised release and to deter other similarly-situated defendants from similar conduct.  The use of drugs and possession of weapons by a person on supervised release are serious matters, and a short term of imprisonment followed by house arrest or other close supervision would understate the seriousness of these violations.  On the other hand, at least with respect to the drug and firearms violations, the defendant's commission of these offenses is a less serious form than if, for example, the defendant had been trafficking in narcotics or actively employing firearms in the commission of either drug trafficking crimes or other crimes.  Consequently, a sentence near the low end of the guideline range than the upper end is appropriate.  Therefore, the Court concludes that a four-month jail sentence would be sufficient under these circumstances to satisfy the goals of sentencing.

    The Court is concerned about the defendant's failure to pay her special assessment and her apparent relapse into drug use. Additional supervision would therefore seem appropriate. However, given the length of time that the defendant has already

spent on supervision, the Court will recommend the imposition of a six-month term of supervised release.  That term will enable the Probation Officer to monitor the defendant for drug usage and enable the defendant to pay the balance of her special assessment.

Based upon the foregoing, it is recommended that the defendant be sentenced to a term of four months of imprisonment based upon her acknowledged violations of the terms and conditions of supervised release and that she be continued on supervised release for a period of six months thereafter.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v.</u>

Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                      /s/ Terence P. Kemp  
                                      United States Magistrate Judge